IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TAYLOR,

        Plaintiff,               No. 2:11-cv-0460 JFM (PC)

   vs.

MONROE DETENTION
CENTER, et al.,

        Defendants.        ORDER

                             /

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

1 v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
2 quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
3 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
4 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
5 U.S. 232, 236 (1974).

6       In his complaint, plaintiff alleges that he has suffered a stroke and job related
7 injuries and that he receives social security disability benefits.  Plaintiff alleges that he is being
8 housed in a upper bunk at the Monroe Detention Center and is required to climb stairs to get to
9 the upper bunk.  Plaintiff appears to claim that this housing placement violates his rights under
10 the Americans with Disabilities Act.  Plaintiff names as defendants the Monroe Detention Center
11 and E. G. Prieto, the Sheriff-Coroner of Yolo County.

12       Although the court can understand the fundamental nature of plaintiff's claim, he
13 has failed to adequately link any defendant to this claim.  The Civil Rights Act under which this
14 action was filed provides as follows:

15 > Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
16 > deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
17 > law, suit in equity, or other proper proceeding for redress.

18 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
19 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
20 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
21 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
22 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
23 omits to perform an act which he is legally required to do that causes the deprivation of which
24 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25       Moreover, supervisory personnel are generally not liable under § 1983 for the
26 actions of their employees under a theory of respondeat superior and, therefore, when a named

3

1 defendant holds a supervisorial position, the causal link between him and the claimed
2 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
3 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
4 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
5 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
6 Cir. 1982).
7         Although the Federal Rules adopt a flexible pleading policy, a complaint must
8 give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community
9 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
10 degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.
11 Because plaintiff has failed to allege overt acts by any named defendant, the complaint must be
12 dismissed.  The court will, however, grant leave to file an amended complaint.
13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
16 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
19 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
20 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
21 Regents, 673 F.2d 266, 268 (9th Cir. 1982).
22         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
24 complaint be complete in itself without reference to any prior pleading.  This is because, as a
25 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
26 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: March 25, 2011.

                                               UNITED STATES MAGISTRATE JUDGE

12
tayl0460.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TAYLOR,

      Plaintiff,                           No. 2:11-cv-0460 JFM (PC)

     vs.

MONROE DETENTION CENTER, et al.,      NOTICE OF AMENDMENT

      Defendants.
_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____           Amended Complaint

DATED:

                                                      _____
                                                        Plaintiff